# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID J. VILLA,<br>　　　　　Appellant,<br><br>　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-0752-21-0033-I-1<br><br><br>DATE:  March 1, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda A. Albers, Esquire, Laguna Hills, California, for the appellant.

Brendan Le, Esquire, and Catherine V. Meek, Esquire, Long Beach, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal.  On petition for review, the appellant argues that the administrative judge erred in several findings of fact, made incorrect credibility determinations, and was biased against him in favor of the female witnesses. Petition for Review (PFR) File, Tab 1 at 5-32.  He also argues that the penalty of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

removal was unreasonable. *Id*. at 32-33. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

In a 69-page initial decision, the administrative judge correctly found that the agency proved all its charges, that there is a nexus between the misconduct

_____

[2] The agency responded to the appellant's petition for review arguing that the petition for review was untimely filed and exceeded the word limitations set forth in 5 C.F.R. § 1201.114(h). PFR File, Tab 3. In the event the Board proceeded to hear the petition for review on the merits, the agency requested additional time to respond to the appellant's petition for review. *Id*. at 6. Under 5 C.F.R. § 1201.114(e), a petition for review must be filed within 35 days after the date of issuance of the initial decision, which, here, was issued on October 22, 2021. ID at 1. Based on this timeframe, the administrative judge properly explained in the initial decision that a petition for review must be filed no later than November 26, 2021. ID at 62. The appellant's petition for review was filed on November 24, 2021, and was, therefore, timely filed in accordance with both the regulation and the administrative judge's instruction. PFR File, Tab 1. Although the appellant's petition for review appears to exceed the maximum word count, the Board's regulations do not provide for a specific sanction when a pleading exceeds the page or word limit, *see* 5 U.S.C. § 1201.114, and, in any event, the Board may exercise its discretion to consider the petition for review, *see* 5 C.F.R. § 1201.12, which we have done here. In light of our decision to deny the appellant's petition for review and affirm the initial decision, we deny the agency's request to file a supplemental pleading addressing the merits of the appellant's petition for review.

and the efficiency of the service, and that the penalty of removal is reasonable. Initial Appeal File (IAF), Tab 57, Initial Decision (ID) at 27-50, 57-62. She also correctly found that the appellant failed to establish any of his affirmative defenses.[3] ID at 24-27, 50-57.

As noted above, the appellant argues on review, *inter alia*, that the administrative judge was biased against him and other male witnesses in favor of female witnesses. PFR File, Tab 1 at 28-32. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016). An administrative judge's conduct during a Board proceeding warrants a new adjudication only if her comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id*. The appellant's claim of bias appears to be based exclusively on the fact that the administrative judge found the female witnesses more credible. PFR File, Tab 1 at 28-32. Such an allegation, which does not relate to any extrajudicial conduct by the administrative judge, neither overcomes the presumption of honesty and integrity that accompanies an administrative judge, nor establishes that she showed a deep-seated favoritism or antagonism that would make fair judgment impossible. Moreover, the administrative judge's credibility determinations were properly based on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), and in several instances, such credibility determinations were based on

---

[3] Among the appellant's affirmative defenses, he asserted that he was subject to discrimination based on his sex (male). IAF, Tab 1 at 22, Tab 30 at 50. In the initial decision, the administrative judge found that the appellant failed to prove that his sex was a contributing or motivating factor in the agency's decision to remove him. ID at 50-53. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination was a "but-for" cause of the agency's action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, PP 20-22, 29-33.

witness demeanor at the hearing.[4]   ID at 29-30, 32, 38-39.   Based on the foregoing, the appellant has not shown by preponderant evidence that the administrative judge was improperly biased against him.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on witness demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has a "sufficiently sound" reason for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2022).  Here, the appellant has not provided a sufficiently sound reason to overturn the administrative judge's credibility determinations.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                        _____
                                      Gina K. Grippando
                                      Clerk of the Board
Washington, D.C.